UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEONARD MCQUAY,<br>DUKE HENDERSON,<br><br>      Plaintiffs,<br><br>      v.<br><br>STATE OF INDIANA (I.D.O.C.),<br>JEANNE WATKINS,<br>ROBERT MARSHALL,<br>TERESA LITTLEJOHN,<br>RICHARD BROWN,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:18-cv-00106-JPH-DLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

On January 29, 2021, the Court gave notice of its intent to enter summary judgment in favor of Defendants on Plaintiffs' § 1983 equal-protection and Title VI claims under Federal Rule of Civil Procedure 56(f) unless Plaintiffs offered evidence and argument supporting the claims. Dkt. 78 at 16–18. Plaintiffs have designated evidence to support their § 1983 equal protection claim,[1] and Defendants have responded. *See* dkt. 86; dkt. 89.

For the reasons discussed below, the Court **GRANTS** Defendants summary judgment on Plaintiffs' race discrimination claims.

---

[1] Plaintiffs' response brief does not separately address the Title VII claims asserted in their complaint. *See* dkt. 86. Those claims are therefore deemed abandoned. *See Mach v. Will Cty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) (describing abandonment of a claim in response to motion for summary judgment).

1

# I.
# Facts & Background

Plaintiffs, who are black, have designated their own affidavits as well as the affidavit of inmate Ryan Ebler, who is white, to support their race discrimination claims. *See* dkt. 86; dkt. 86-1; dkt. 86-2; dkt. 86-3. This evidence describes, among other things, the prevalence of uncensored white-nationalist materials that have arrived through the Wabash Valley Correctional Facility mailroom. *See id.* In their affidavits, Plaintiffs state that they have:

- "[W]itnessed the prison's mailroom allow white prisoners who are identified as Security Threat Group members of the Aryan-Brotherhood . . . to receive all sorts of books about Adolf Hitler and Neo-Nazi White Nationalism" and "White Nationalist News Letters such as 'Quinone' which promotes white power," dkt. 86-2 at 1–2 (¶¶ 2–3);
- Observed that Wabash Valley "is a predominantly white run prison" and that "[t]he mailroom staff are all white," *id.* at 2 (¶ 5).

In his affidavit, Mr. Ebler states that he is "a white prisoner that has received newsletters/books from outside groups and organizations who subscribe to White Nationalism, i.e., White Supremacy" and that the "Defendants have allowed [these materials] to enter the facility." Dkt. 86-3 at 1 (¶ 2).

"Defendants do not dispute, for summary-judgment purposes only . . . that white-nationalist literature makes it into the possession of offenders without being intercepted in the prison mailroom."  Dkt. 89 at 2.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor."  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

## III.
## Analysis

Defendants argue that the State of Indiana cannot be sued under § 1983.  Dkt. 89 at 3 n.1.  Defendants also contend that they are entitled to summary judgment because there is no evidence showing that the individual defendants were personally involved in screening Plaintiffs' materials and there is no

3

evidence of discriminatory motive. *Id.* at 1. Plaintiffs have designated evidence disputing these claims. *See* dkt. 86.

### A. State of Indiana

Defendant State of Indiana correctly argues that it cannot be held liable on Plaintiffs' § 1983 claims because suits against state governments are not permitted under that statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding "that a State is not a person within the meaning of § 1983"). Therefore, the Court **grants** the State of Indiana summary judgment on Plaintiffs' § 1983 race discrimination claims.

### B. Individual Defendants

Plaintiffs have sued four individuals. Jeanne Watkins worked as Wabash Valley Correctional Facility's "mail room supervisor," dkt. 48-1 at 2 (¶ 4); Richard Brown served as Wabash Valley's warden, dkt. 1-2 at 2 (¶ 4), dkt. 5 at 1 (¶ 4); Robert Marshall acted as an "Internal Affairs Investigator," dkt. 48-1 at 2 (¶ 4); and Teresa Littlejohn reviewed inmate grievances alongside Mr. Marshall, *see* dkt. 1-2 at 6–8 (¶¶ 20, 24, 27); dkt. 5 at 3 (¶¶ 20, 24, 27).

Plaintiffs have designated an affidavit from Mr. Ebler, a white inmate, explaining that he has received "White Nationalist materials," which the State of Indiana's employees "allowed to enter th[e] facility," dkt. 86-3 at 1 (¶ 2), and Plaintiffs have testified that "black educational materials are sent to internal affairs to be reviewed and confiscated," dkt. 86-2 at 2 (¶ 6).

Plaintiffs have also designated their own affidavits as evidence that could support their contention that there have been instances when the rules and

4

regulations relating to the types of literature that are allowed in Wabash Valley have not been applied equally, that is, instances when "black educational materials" were confiscated and instances when "White Nationalist" materials were not confiscated:

- "I have witnessed the prison's mailroom allow white prisoners who are identified as Security Threat Group members of the Aryan-Brotherhood who are allowed to receive all sorts of books about Adolf Hitler and Neo-Nazi White Nationalism.  While my books on black empowerment and African Culture get confiscated as threats to safety and security, but the White Nationalists groups are allowed to have their literature."  Dkt. 86-2 at 1–2 (¶ 2).
- "I have witnessed mailroom policy violations when the State Defendant/prison allows Aryan-brotherhood to receive white 'hate based' materials.  While black educational materials are sent to internal affairs to be reviewed and confiscated."  *Id.* at 2 (¶ 6).

But this designated evidence is insufficient to defeat Defendants' motion for summary judgment because it does not show "personal involvement in the alleged constitutional deprivation" by any of the individual defendants.  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (citation omitted).  To satisfy § 1983's personal-liability requirement, Plaintiffs must "demonstrate[s] a causal connection between (1) the sued officials and (2) the alleged misconduct."  *Id.*; *see Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and

5

predicated upon fault.  An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . .") (emphasis in original).  None of Plaintiffs' designated evidence relates to the actions of any named defendant, so it cannot form the "causal connection" necessary for § 1983 liability for any of the named Defendants.  *See Colbert*, 851 F.3d at 657.  Without designated evidence connecting the alleged discriminatory actions to any of the named Defendants, they are entitled to summary judgment.  The Court therefore **grants** summary judgment to Ms. Watkins, Warden Brown, Mr. Marshall, and Ms. Littlejohn on these claims.

## IV.
## Conclusion

For the reasons discussed above, the Court **GRANTS** summary judgment to Defendants on Plaintiffs' race discrimination claims.

The Magistrate Judge is asked to hold a settlement conference on the remaining claims.

**SO ORDERED.**

Date: 8/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Magistrate Judge Doris L. Pryor